IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE BATTINO,<br><br>     Plaintiff,<br><br>v.<br><br>REDI CARPET SALES OF UTAH, LLC,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:19-cv-00048-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

   Before the court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 19.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

## FACTUAL AND PROCEDURAL BACKGROUND

   This matter concerns Plaintiff Michelle Battino's former employment with Redi Carpet Sales of Utah, LLC ("Defendant" or "Redi Carpet"). Redi Carpet is a flooring company that hired Ms. Battino in 2015 for the position of office manager. (Dkt. No. 2, ¶ 11.) In March of 2017, Ms. Battino informed her supervisors at Redi Carpet that she was pregnant. (*Id.* ¶ 14.) At this time, Ms. Battino also emailed Stephanie Craig, a human resources manager at Redi Carpet, for information on the company's maternity leave policies. (Dkt. No. 19, Ex. 1 at 182.) Ms. Craig told Ms. Battino that Redi Carpet offered leave under the Family and Medical Leave Act ("FMLA") for the birth of a child. (*Id.* at 183.)

Ms. Battino alleges that in the months leading up to the birth of her child, she felt repeatedly pressured by Redi Carpet's managers not to take a lengthy maternity leave. (Dkt. No. 2, ¶¶ 16–17.) On October 2, 2017, Ms. Battino formally requested 42 days of medical leave of absence, beginning October 23, 2017 with an anticipated return date of December 4, 2017. (Dkt. No. 19, Ex. 1 at 189–93.) On October 5, 2017, Ms. Battino and Redi Carpet's general manager, Rick Spohn, arranged a "tentative" schedule permitting Ms. Battino to return to full-time employment in December with the majority of her work being completed remotely from her home. (*Id.* at 195–96.) Under this schedule, Ms. Battino would work primarily from home while coming physically into the office only one to two days per week during December 2017 and January 2018. (*Id.*) Plaintiff would then transition back to five days a week in the office beginning February 1, 2018.

Ms. Battino gave birth to her child on October 30, 2017. (Dkt. No. 2, ¶ 20.) After her requested medical leave ended on December 4, 2017, Ms. Battino began getting paid full-time to work mainly remotely, coming into the office once a week during December 2017 and twice a week during January 2018 in accordance with the schedule arranged between Ms. Battino and Mr. Spohn. (*Id.* ¶¶ 21–22.) During this time period, Redi Carpet claims that a number of operational concerns arose with the Salt Lake City location. (*See* Dkt. No. 19 at 5.) Redi Carpet also claims that during this time period, Ms. Battino's work-from-home plan became problematic, with Ms. Battino allegedly failing to communicate with other employees in a timely manner or adequately meet her deadlines. (*Id.* at 5–6; *see also* Dkt. No. 19, Ex. 1 at 187–88.) In December 2017, Redi Carpet placed Ms. Battino under a "performance improvement plan" which emphasized the need, among other things, for Ms. Battino to meet certain deadlines, manage proper inventory procedures, and oversee the resolution of costing and invoicing errors.

(*See* Dkt. No. 19, Ex. 1 at 197–98.) However, despite this performance improvement plan, Ms. Battino failed to meet at least one deadline for the month of December. (Dkt. No. 19 at 34; *see also* Dkt. No. 19, Ex. 1 at 199.)

On January 10, 2018, Redi Carpet demanded that Ms. Battino return to working full time in the office. (Dkt. No. 2, ¶ 25.) Ms. Battino was unable to comply with Redi Carpet's demand because she had not arranged for childcare until February. (*Id.* ¶¶ 26–27.) On January 11, 2018, Redi Carpet terminated Ms. Battino's employment. (*Id.* ¶ 29.)

On January 22, 2019, Ms. Battino initiated this lawsuit against Redi Carpet, alleging the following five causes of action: (1) Pregnancy Discrimination in Violation of Title VII; (2) Gender Discrimination in Violation of Title VII; (3) Retaliation in Violation of Title VII; (4) Unlawful Employment Practices in Violation of FMLA; and (5) Retaliation in Violation of FMLA. Defendant's motion seeks summary judgment on each of Ms. Battino's claims.

## DISCUSSION

Federal Rule of Civil Procedure 56 permits the entry of summary judgment in matters where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, and the court must "construe all facts, and reasonable inferences therefrom, in favor of the non-moving party." *WKB Enters., Inc. V. Ruan Leasing Co.*, 838 F. Supp. 529, 532 (D. Utah 1993). "For purposes of summary judgment, … the court examines the evidence to determine if a reasonable jury could return a verdict in favor of the nonmoving party. If it can, summary judgment should be denied." *Id*. However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original).

After reviewing the evidence and arguments presented, and construing the facts of this case in favor of Plaintiff, the Court finds that no reasonable jury could return a verdict in favor of Ms. Battino and grants summary judgment in favor of Redi Carpet.

## A. Plaintiff's Discrimination Claims

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in the workplace, among other things, on the basis of sex. *See* 42 U.S.C. § 2000e *et seq.* Under Title VII, discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). An employee may bring a claim of Title VII discrimination through either direct evidence of discrimination or, if direct evidence is not available, by establishing a prima facie case of discrimination under the framework laid out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for her position of employment; and (4) she was treated less favorably than other employees not in her protected class. *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136, 1142 (10th Cir. 2009). If the employee sufficiently demonstrates a prima facie case of discrimination, the burden then shifts to her employer to show "some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* If the employer makes such a showing, the plaintiff can only avoid summary judgment if she can show that discrimination was "a determinative factor" in the employment decision, or that her employer's explanation for the adverse action is merely pretext. *Tabor v. Hilti, Inc.,* 703 F.3d 1206, 1217 (10th Cir. 2013).

Ms. Battino claims that she has shown direct evidence of pregnancy and sex discrimination because she felt pressured to limit her maternity leave and then was terminated due to the work-from-home schedule that she had arranged with Redi Carpet to accommodate the care of her new child. Direct evidence of discrimination "is evidence, which if believed, proves the existence of a fact in issue without inference or presumption." *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1154 (10th Cir. 2008) (quoting *Hall v. U.S. Dep't of Labor,* 476 F.3d 847, 854 (10th Cir. 2007). A statement, policy, or action within the workplace "that can plausibly be interpreted in two different ways—one discriminatory and the other benign—does not directly reflect illegal animus, and, thus, does not constitute direct evidence." *Id.* at 1154–55. Ms. Battino has not shown direct evidence of pregnancy or sex discrimination because one could easily interpret her termination to be the result of dissatisfaction with her performance during her work-from-home schedule.

In the alternative, Ms. Battino contends that she has shown a prima facie case for pregnancy and sex discrimination under the *McDonnell Douglas* framework. However, this claim also fails. Ms. Battino has not established that the alleged "pressure" she perceived from Redi Carpet to limit her maternity leave sufficiently qualifies as an adverse employment action. *See Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) ("Adverse employment action includes '*significant* change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'") (emphasis added). As for Ms. Battino's termination, she has not established that any non-pregnant or male employees at Redi Carpet would have been treated more favorably under similar circumstances. Redi Carpet terminated Ms. Battino when she refused to physically return to work on a full-time basis, and Ms. Battino has not shown that any

other employees would have retained their employment at Redi Carpet if they had similarly refused to return to the office after yielding unsatisfactory performance while working from home. Ms. Battino's temporary arrangement to work remotely after her medical maternity leave had concluded was an accommodation negotiated by Ms. Battino based on her childcare needs and did not involve her actual pregnancy, childbirth, or status as a woman. Although Ms. Battino may be upset that she was asked to return to work before she had planned, she has not pointed to any evidence of discrimination or pretext in Redi Carpet's decision to terminate her employment. Accordingly, Ms. Battino has failed to show that she was treated differently by virtue of her pregnancy or her gender, and her discrimination claims fail.

### B.  Plaintiff's Retaliation Claim

Title VII also prohibits an employer from retaliating against its employees for engaging in certain protected activities. *See* 42 U.S.C. § 2000e-3. To support a claim of retaliation, an employee must demonstrate that: (1) she engaged in protected activity to oppose discrimination; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *O'Neal v. Ferguson Const. Co.,* 237 F.3d 1248, 1252 (10th Cir. 2001). If the plaintiff can show this, the employer must articulate a nondiscriminatory reason for the adverse action, which the plaintiff may only overcome by showing that the employer's proffered reason for the action is pretextual. *Id.*

Ms. Battino has not shown that she made a complaint of pregnancy or gender discrimination or engaged in any conduct that would be considered protected activity under Title VII. Even if Ms. Battino had engaged in some form of protected activity, she has not established a causal connection between her termination and any protected conduct. Specifically, Ms. Battino has not presented any evidence that she was terminated because she became pregnant,

requested and took maternity leave, or had a child. Instead, the evidence presented shows that Ms. Battino was terminated by Redi Carpet because she refused to return to physically working in the office more than a month after her medical maternity leave had concluded. Accordingly, Ms. Battino's retaliation claim fails.

### C. Plaintiff's Claims Under the Family and Medical Leave Act

An employee is not covered under the FMLA unless there are fewer than 50 employees within 75 miles of the worksite. *See* 29 U.S.C.A. § 2611(B)(ii).  It is undisputed that Redi Carpet never had more than 14 employees within a 75-mile radius of Ms. Battino's workplace. Accordingly, Defendant argues that it should be granted summary judgment on the FMLA claims because Ms. Battino was ineligible for FMLA protection at all times during her employment at Redi Carpet. In response, Ms. Battino argues that Defendant is equitably estopped from asserting FMLA ineligibility as a defense because Redi Carpet's human resources manager mistakenly told Ms. Battino that Redi Carpet provided FMLA leave.

Ms. Battino's equitable estoppel argument requires a showing of both actual and reasonable reliance upon Redi Carpet's misleading conduct. *See Bass v. Potter*, 522 F.3d 1098, 1106 (10th Cir. 2008). Although the human resources manager at Redi Carpet mistakenly informed Ms. Battino via email that she was eligible for maternity leave under the FMLA, Ms. Battino has not established that she actually relied on that inaccurate statement. Ms. Battino formally requested 42 days of unpaid medical maternity leave. When those 42 days concluded at the beginning of December, Ms. Battino returned to work remotely. She has not shown that she changed her position in reliance upon Redi Carpet's erroneous representation of her FMLA eligibility. Rather, Ms. Battino took the amount of unpaid medical leave that she wanted, and she returned to paid work when she wanted. Ms. Battino's employment at Redi Carpet was not

terminated because she requested and took 42 days of maternity leave. Indeed, Redi Carpet only terminated her employment when she refused to work on-site in the office more than a month *after* her requested leave had ended and she had begun working remotely. The evidence presented does not show that Ms. Battino relied on Redi Carpet's statement to her detriment. Accordingly, her equitable estoppel argument fails. Because Ms. Battino was not an eligible employee under the FMLA, Redi Carpet is entitled to summary judgment on her FMLA claims.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 19) is hereby GRANTED, and this action is DISMISSED with prejudice.

DATED this 7th day of July, 2020.

BY THE COURT:

Dee Benson
United States District Judge